DeMarco+Mitchell, PLLC
Robert T. DeMarco
Michael S. Mitchell
12770 Coit Road, Suite 850
Dallas, TX 75251
T  972-991-5591
F  972-346-6791

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| IN RE: | Case No.:     25-44261-mxm |
| **Adwoa Beauty LLC**<br>81-5198733<br>3838 Oaklawn Ave Suite 1000-#9023<br>Dallas, TX 75215<br>                                             **Debtor.** | Chapter:      11 |

## DEBTOR'S MOTION FOR ORDER AUTHORIZING
## THE INTERIM AND FINAL USE OF CASH COLLATERAL

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, **Adwoa Beauty LLC**, debtor and debtor in possession in the above-styled and numbered case (the "**Debtor**"), and file this *Debtor's Motion for Order Authorizing the Interim and Final Use of Cash Collateral* by and through the undersigned attorney. Debtor requests the entry of an interim order substantially in the form attached hereto as Exhibit "A" (the "**Interim Order**") and a final order (the "**Final Order**", and in conjunction with the Interim Order, the "**Cash Collateral Orders**"), pursuant to 11 U.S.C. §§ 105, 361, and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014: (a) authorizing Debtor to use the cash collateral of the **Secured Lenders** (defined *infra*) and granting adequate protection thereto; and (b) prescribing the form and manner of notice and setting the time for the final hearing on this Motion (the "**Final Hearing**"). The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of **Julian Addo** in Support of First Day Motions* ("**First Day Declaration**"). In further support of this Motion the Debtor respectfully avers as follows:

## I. JURISDICTION

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding. 28 U.S.C. §157(b).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 361 and 363 of title 11 of United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

4. This bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on **October 31, 2025** (the "**Petition Date**").

5. Areya Holder Aurzada has been appointed as the Subchapter V Trustee.

6. Information regarding the Debtor's history and business operations, capital structure, and the events leading up to the commencement of this bankruptcy case can be found in the Declaration, which is incorporated herein by reference.

## III. FACTS SPECIFIC TO RELIEF REQUESTED
### A. Secured Lender

7. In accord with Bankruptcy Rule 4001(b)(1)(B)(i) and (iii), Debtor's secured creditor(s)[1] asserting an interest in the Debtor's cash collateral as evidenced by the filing of a UCC-1 financing statement are as follows:

| LENDER | COLLATERAL |
|---|---|

---

[1] Premised upon the UCC-1 filings and other related security documents reviewed to date.

| | |
|---|---|
| U.S. Small Business Administration ("**SBA**") | Substantially all assets |
| Aurous Financial ("**Aurous**" and collectively with SBA, "**Secured Lenders**")) | Substantially all assets |

8. **Secured Lenders** assert they are secured by a lien on and security interest in substantially all of Debtor's Equipment, Accounts and Inventory.

9. In the normal course of business, Debtor uses cash on hand and cash flow from operations to fund payroll, materials, supplies, and other general operational needs. An inability to use these funds during the chapter 11 cases would cripple Debtor's store operations. Indeed, Debtor must use its cash to, among other things, continue the operation of the business in an orderly manner, maintain business relationships with vendors, suppliers and customers, pay employees and satisfy other working capital and operation needs—all of which are necessary to preserve and maintain Debtor's going-concern value and, ultimately, effectuate a successful reorganization.

### IV. RELIEF REQUESTED

10. By this Motion and pursuant to 11 U.S.C. §§ 105, 361 and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, Debtors request the Court grant the following relief:

   a. Authorize Debtor, **on an interim basis**, pursuant to section 363(c) of the Bankruptcy Code, to use proceeds of assets on which **Secured Lenders** assert liens and security interests ("**Cash Collateral**")[2] in accord with the budget attached to the Interim Order ("**Budget**");

---

[2] Debtor does not hereby admit or consent to the validity, priority, extent or enforceability of the liens asserted by Secured Lender and hereby reserves all rights with respect thereto.

  b.  Authorize Debtor, **on an interim basis**, pursuant to sections 361 and 363 of the Bankruptcy Code, to provide the adequate protection described herein to **Secured Lenders** as regards any diminution in value of **Secured Lenders'** interest in the Collateral as existing on the Petition Date ("**Prepetition Collateral**"), whether from the use of Cash Collateral or the use, sale, lease, depreciation, or decline in value of said collateral;

  c.  Schedule the Final Hearing pursuant to Bankruptcy Rule 4001 no later than fourteen (14) days after the entry of the Interim Order, to consider the entry of a Final Order authorizing the use of Cash Collateral and approving the notice procedures relative thereto;

  d.  Authorize Debtor, **on a final basis**, pursuant to 363(c) of the Bankruptcy Code, to use the Cash Collateral; and

  e.  Authorize Debtor, **on a final basis**, pursuant to sections 361 and 363 of the Bankruptcy Code to provide the adequate protection described herein to **Secured Lenders** as regards any diminution in value of **Secured Lenders'** interest in the Prepetition Collateral, whether from the use of Cash Collateral or the use, sale, lease, depreciation, or decline in value of said collateral.

### V. BASIS FOR RELIEF

#### A. Immediate Need for Use of Cash Collateral

11. Pursuant to Bankruptcy Rule 4001(b)(2), the Court may conduct a preliminary cash collateral hearing within fourteen (14) days of the Petition Date if the relief requested is **necessary to avoid immediate and irreparable harm** to the estate pending a final hearing.

12. Debtor has an immediate need for the use of Cash Collateral pending a final hearing on this Motion. As of the Petition Date, Debtor lacks sufficient unencumbered cash to fund its store operations.

13. Without the use of Cash Collateral, Debtor will have no ability to operate its business, fund its payroll or pay professionals necessary for the successful reorganization of its business. Finally, Debtor will not be able to service the needs of the community in which it operates nor services its customer base. All of these outcomes will cause immediate and irreparable harm to Debtor's bankruptcy estate.

14. Debtor's ability to finance its operations and the availability to Debtor of sufficient working capital and liquidity through the use of Cash Collateral is vital to the confidence of its employees, and to the preservation and maintenance of the going-concern value and other values of the bankruptcy estate. Debtor, therefore, seeks immediate authority to use the Cash Collateral as set forth in the Motion and in the Interim Cash Collateral Order to prevent immediate and irreparable harm to its bankruptcy estates pending the Final Hearing pursuant to Bankruptcy Rule 4001(c).

15. Debtor has formulated a Budget for the use of Cash Collateral. Debtor believes the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of business during the subject time period **so as to avoid immediate and irreparable harm** to the bankruptcy estate pending a final hearing.

16. Accordingly, Debtor seeks to use Cash Collateral existing on or after the Petition Date that may be subject to **Secured Lenders'** respective interests in the Prepetition Collateral.

As of the Petition Date, Debtor lacks sufficient unencumbered cash to fund the business operation.

17. If approved by this Court Debtor's right to use Cash Collateral under the terms of the Interim Order will commence on the date of the entry of the Interim Order and expire on the earlier of: (a) the entry of a subsequent interim order; or (b) the entry of the Final Order.

### B. Adequate Protection

18. In consideration for the interim use of cash collateral, and as adequate protection for any diminution of the interest of **Secured Lenders** in the Prepetition Collateral, Debtor hereby tenders to **Secured Lenders**, to the extent such **Secured Lender** may hold valid, perfected and unavoidable security interests in the Prepetition Collateral without any requirement to file any documents to perfect that interest, additional and replacement security interests and liens (the "**Replacement Liens**") as follows:

> **The granting of post-petition security interests equivalent to a lien granted under sections 364(c)(2) and (3) of the Bankruptcy Code, as applicable, in and upon the Debtor's personal property and the Cash Collateral, whether such property was acquired before or after the Petition Date.**

19. In addition to the Replacement Liens, **Secured Lenders** are adequately protected from continued business operations.

### C. Request for Final Hearing

20. Pursuant to Bankruptcy Rule 4001(b)(2), Debtor requests this Court set a date for the Final Hearing that is as soon as practicable, but in no event later than fourteen (14) days following the entry of the Interim Order and fix the time and date prior to the Final hearing for parties to file objections to this Motion.

## VI. BANKRUPTCY RULE 4001(B)

21. Debtor submits the facts set forth herein establish that "the relief requested herein is necessary to avoid immediate and irreparable harm" to Debtor. Bankruptcy Rule 4001(b)(2). Accordingly, Bankruptcy Rule 4001 is satisfied.

## VII. NOTICE

22. Bankruptcy Rules 4001 and 9014 generally require that any proceeding to use cash collateral be made only upon Motion and on notice to: (1) any entity that has an interest in the Cash Collateral; (2) a Committee that may be appointed under the Bankruptcy Code (11 U.S.C. § 1102) or, if no such committee is appointed, on the twenty largest unsecured creditors; and (3) such other entities as the Court may direct.

23. Service was made as set forth in the certificate of service below.

**WHEREFORE, PREMISES CONSIDERED**, Debtor respectfully requests this Court enter an Interim Order on an expedited basis granting the relief requested herein, establishing a date and time for the Final Hearing; and for such other and further relief as is just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 10, 2025 | */s/ Robert T. DeMarco* |

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T 972-991-5591
F 972-346-6791
***Proposed* Counsel for Debtor and Debtor in Possession**

## CERTIFICATE OF CONFERENCE

The undersigned counsel hereby certifies that, prior to the filing of this Motion, he conferred with the following parties concerning their respective positions on the Motion:

| Attorney | Position |
|---|---|
| Erin Schmidt, counsel for the United States Trustee | No position |

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this **10th day of April 2025**. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first-class mail.

**DEBTOR**

Adwoa Beauty LLC
3838 Oaklawn Ave Suite 1000-#9023
Dallas, TX 75215

**TRUSTEES**

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 7520
Erin.Schmidt2@usdoj.gov

Areya Holder Aurzada
Holder Law
P.O. Box 2105
Addison, TX 75001-2105
areya@holderlawpc.com

**ADDITIONAL PARTIES IN INTEREST AND/OR PARTIES REQUESTING NOTICE**

U.S. Small Business Administration
Assistant United States Attorney
1100 Commerce St., Ste. 300
Dallas, Texas 75242
David.Adams4@usdoj.gov

Sephora
350 Mission St, Floor 21
San Francisco, CA 94105
Emily.Zhou@sephora.com

Aurous Financial
60 Walnut Ave Ste 400
Clark, NJ 07066
kennydesai@aurousfinancial.com
j.sirchio@aurousfinancial.com

**SEE ATTACHED MATRIX**

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T 972-991-5591
F 972-346-6791

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| IN RE: | Case No.: | 25-44261-mxm |
|---|---|---|
| **Adwoa Beauty LLC** | Chapter: | 11 |
| 81-5198733 | | |
| 3838 Oaklawn Ave Suite 1000-#9023 | | |
| Dallas, TX 75215 | | |
| **Debtor.** | | |

**ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**

On this day came on for consideration the *Debtor's Motion for Order Authorizing the Interim and Final Use of Cash Collateral [11 U.S.C. §§ 105, 361, and 363]* (the "**Motion**").  The Motion is made pursuant to 11 U.S.C. §§ 105, 361 and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014:  (a) authorizing **Adwoa Beauty LLC**, debtor and debtor in possession

# EXHIBIT "A"

in the above-styled and numbered case ("**Debtor**") to use cash collateral of the Secured Lender (defined in the Motion) and granting adequate protection to Secured Lender for the use of its cash collateral; and (b) prescribing the form and manner of notice and setting the time for the final hearing (the "**Final Hearing**") on the Motion. Upon review of the Motion and based upon the evidence presented to this Court at the interim hearing on the Motion (the "**Interim Hearing**"), the Court hereby makes the following findings of fact and conclusions of law:

1. Adequate and sufficient notice of the Motion and the Interim Hearing, under the circumstances, has been provided to all persons entitled thereto pursuant to Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure.

2. This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

3. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. Debtor commenced this bankruptcy case on **October 31, 2025,** (the "**Petition Date**") by the filing of a petition for relief under chapter 11 of the Bankruptcy Code.

5. **Secured Lenders**[1] asserts they are secured in substantially all Debtor's Equipment, Inventory and Accounts as more particularly delineated in the Motion (collectively, the "**Prepetition Collateral**") and the proceeds thereof (the "**Cash Collateral**").

6. The Debtor will suffer immediate and irreparable harm if it is not allowed to use the cash collateral of the **Secured Lenders** on an interim basis.

**ACCORDINGLY, IT IS ORDERED THAT:**

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed them in the Motion.

# EXHIBIT "A"

1. Debtor is permitted to use Cash Collateral, in accord with the budget attached hereto as **Exhibit "1"** (the "**Budget**"), provided, Debtor may exceed any the total allotted Budget amount by up to ten percent (10%). The Budget may be updated and modified through the date of the Final Hearing by agreement of Debtor and **Secured Lenders** subject to further order of this Court.

2. Debtor's right to use Cash Collateral under the Interim Order shall commence on the date of entry of the Interim Order and expire on the earlier of: (a) the entry of a subsequent interim cash collateral order; or (b) the entry of a Final Order.

3. As adequate protection of **Secured Lenders'** interest, if any, in the Cash Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code to the extent of any diminution in value from the use of the Collateral the Court hereby grants **Secured Lenders** replacement security liens on and replacement liens on all of Debtor's Equipment, Inventory and Accounts (the "**Replacement Liens**"), whether such property was acquired before or after the Petition Date.

4. Such Replacement Liens are exclusive of any avoidance actions available to the Debtor's bankruptcy estate pursuant to sections 544, 545, 547, 548, 549, 550, 553(b) and 724(a) of the Bankruptcy Code and the proceeds thereof.

5. Further, such Replacement Liens shall be equal to the aggregate diminution in value of the respective Collateral, if any, that occurs from and after the Petition Date. The Replacement Liens shall be of the same validity and priority as the liens of **Secured Lenders** on the respective prepetition Collateral.

# EXHIBIT "A"

6. **Secured Lenders** shall not be required to file or serve financing statements, notices of liens or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

7. The Replacements Liens shall be subject and subordinate to: (a) professional fees and expenses of the attorneys, financial advisors and other professionals retained by any statutory committee if and when one is appointed; and (b) any and all fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), the Subchapter V Trustee, and the Clerk of the Bankruptcy Court (collectively, the "**Carve Out**").

8. This Interim Order is without prejudice to the rights of **Secured Lenders** or the Debtor as to any further order regarding the use of Cash Collateral as to the request for payment of any other expenses incurred during the period covered by this Interim Order.

9. This Interim Order is without prejudice to the rights of any party-in-interest, including the Debtor, to contest the priority, validity and enforceability of **Secured Lenders'** liens and security interests in and to the Prepetition Collateral.

10. The Final Hearing to consider the entry of a Final Order authorizing and approving the use of Cash Collateral is hereby scheduled for **December \_\_\_, 2025, at \_\_\_\_ p.m.** and will be held in the in the **United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.**

11. The hearing shall be conducted in a hybrid format allowing for live appearance in the courtroom or via WEBEX Video Conference.

12. The location of the hearing for live appearances is as follows:

# EXHIBIT "A"

   Courtroom of the Honorable Mark X. Mullin
   United States Bankruptcy Judge
   501 W. 10th St.
   Fort Worth, TX 76102-3643

13. The participation and/or attendance link for WEBEX is as follows:

   For WebEx Video Participation/Attendance:
   https://us-courts.webex.com/meet/mullin
   Meeting Number:  2310-650-8783

   For WebEx Telephonic Only Participation/Attendance:
   Dial-In: 1-650-479-3207
   Access Code: 2310-650-8783

14. The Debtor shall serve a copy of this Interim Order on the entire mailing matrix within one (1) business day of its entry upon the Court docket.

15. The deadline for objecting to the Motion and/or the entry of a final order respecting the same is **November _____, 2025**.

16. This Interim Order is and shall be fully effective upon its entry.

### ### END OF ORDER ###

**ORDER SUBMITTED BY:**

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T  972-991-5591
F  972-346-6791
*Proposed* **Counsel for Debtor and Debtor in Possession**

# EXHIBIT "A"

## ADWOA BEAUTY
### 45 DAY BUDGET

| | 14 day | 30 day | |
|---|---:|---:|---|
| **Beginning Cash Balance - Petition Date** | $ 1,500.00 | | |
| Cash Balance - Day 15 | | $ 154,800.00 | |
| **Ordinary Income/Expense** | | | |
| Income | | $ - | |
| SEPHORA RECEIVABLES | $ 240,000.00 | $ 80,000.00 | |
| Refunds | $ 10,000.00 | $ 4,800.00 | |
| Cost of Goods Sold | $ - | $ - | |
| Total Income | $ 230,000.00 | $ 75,200.00 | |
| **Gross Profit** | **$ 230,000.00** | **$ 75,200.00** | |
| | | | |
| Expense | | | |
| SKEEPERS | | $ - | |
| Shopify | $ 5,500.00 | $ 2,700.00 | 14 day is for October and November. |
| CIN7 EDI PLATFORM | $ 1,300.00 | $ 2,600.00 | |
| Equipment Rental | $ - | $ - | |
| FREIGHT | $ 7,500.00 | $ - | FREIGHT MOVEMENT FOR GOODS FROM PGS360, MSEED AND CG LABS TO PROGRESSIVE IN 14 DAY. |
| Insurance Expense | | | |
| Auto Insurance | $ - | $ - | |
| General Liability | $ - | $ 750.00 | |
| Property Insurance (In Rent) | $ - | $ - | |
| Workman's Compensation | $ - | $ - | |
| Licenses and Permits | | | |
| Marketing | $ - | $ 20,000.00 | |
| Meals and Entertainment | $ - | $ - | |
| Office Supplies | $ - | $ - | |
| Payroll | | | |
| Employees | $ 20,000.00 | $ 48,000.00 | |
| Contractors | $ 12,000.00 | $ 18,000.00 | |
| Postage and Delivery | $ - | $ - | |
| Accounting Software | $ - | $ 150.00 | |
| FLEXPORT | $ - | $ 46,000.00 | CRITICAL VENDOR PAYMENT TO RELEASE |

EXHIBIT "A"   EXHIBIT "1"

| | | | | |
|---|---|---|---|---|
| SHANGHAI PACKAGING | $ | - | $ | 45,000.00 | CRITICAL VENDOR PAYMENT TO RELEASE |
| WAREHOUSING (PGS360 > PROGRES | $ | 25,000.00 | $ | 5,500.00 | 14 DAY IS CRITICAL VENDOR PAYMENT TO PGS360 TO GET GOODS RELEASED. 30 DAY IS ESTIMATE COST FOR ONGOING WAREHOUSING WITH PROGRESSIVE. |
| Repairs and Maintenance | $ | - | $ | - | |
| Security | $ | - | $ | - | |
| Software Licenses | $ | - | $ | - | |
| Taxes | | | | | |
|    Payroll Taxes | $ | - | $ | - | |
|    Sales Taxes | $ | 5,400.00 | $ | - | |
| Telephone Expense | $ | - | $ | 100.00 | |
| Travel | $ | - | $ | 5,000.00 | |
| LEGAL FEES | $ | - | $ | 1,000.00 | |
| Adequate Protection Payments | $ | - | $ | - | |
| Trustee Payments | $ | - | $ | 1,000.00 | |
| **Total Expense** | $ | **76,700.00** | $ | **195,800.00** | |
| **NET INCOME** | $ | **153,300.00** | $ | **(120,600.00)** | |
| | | | | | |
| **Ending Cash Balance** | $ | 154,800.00 | $ | 34,200.00 | |

EXHIBIT "A"    EXHIBIT "1"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-4<br>Case 25-44261-mxm11<br>Northern District of Texas<br>Ft. Worth<br>Sat Nov  8 12:28:16 CST 2025 | Adwoa Beauty LLC<br>3838 Oaklawn Ave Suite 1000-#9023<br>Dallas, TX 75219-4511 | Dallas County<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o John Kendrick Turner<br>3500 Maple Avenue<br>Suite 800<br>Dallas, TX 75219-3959 |
| 501 W. Tenth Street<br>Fort Worth, TX 76102-3637 | Akita Brands INC<br>45 Park Ave, STE 1902<br>Cincinnati, OH 45263-4558 | Alicia Crawford<br>PO Box 44510<br>Olympia, WA 98504-4510 |
| Amex Gold<br>PO Box BOX 6031<br>Carol Stream, IL 60197-6031 | Amex Platinum<br>PO BOX 6031<br>Carol Stream, IL 60197-6031 | Art Dept<br>89 Hudson Street, Suite 202<br>Hoboken, NJ 07030-5644 |
| Aurous Financial<br>Jeff Sirchio<br>60 Walnut Ave Ste 400<br>Clark, NJ 07066-1647 | Barclays Bank<br>PO Box 60517<br>City of Industry, CA 91716-0517 | Bazaarvoice<br>10901 Stonelake Blvd.<br>Austin, TX 78759-5749 |
| CIN7<br>2205 152nd Ave NE<br>Redmond, WA 98052-5519 | Conde Nast<br>Robert B. Hollis<br>Szabo Associates, Inc.<br>3355 Lenox Road NE, Suite 945<br>Atlanta, GA 30326-1395 | Department of Labor and Industries<br>PO Box 44510<br>Olympia, WA 98504-4510 |
| Department of Labor/ State of Washington<br>PO Box 44171<br>Olympia, WA 98504-4171 | Ecomundo<br>Services Rglementaires Ecomundo<br>Canada Inc<br>4284 Rue De La Roche<br>Montral QC, H2J 3H9 | Elevation Staffing Team<br>Veronica Lopez/ Vice President<br>1625 W. Mockingbird Lane 307<br>Dallas, TX 75235-5030 |
| FORA FINANCIAL<br>1385 Broadway, 15 th Floor<br>New York, NY 10018-6015 | Flexport International LLC<br>760 Market Street, 8th Floor<br>San Francisco, CA 94102-2300 | GRIN Technologies, Inc<br>PO Box 18576<br>Palatine, IL 60055-8576 |
| Hiline<br>304 S Franklin St 200<br>Syracuse, NY 13202-1529 | Isabelle Rose Passaglia<br>12817 Kling Street, Apt. #1<br>Studio City, CA 91604-1129 | Julian Addo<br>1671 S Broadway St, Suite E12<br>Dallas, TX 75215 |
| LA Models<br>7700 WEST SUNSET BOULEVARD<br>Los Angeles, CA 90046-3913 | LoudCrowd, Inc.<br>1135 W 6th St. 110<br>Austin, TX 78703-5309 | Mark D. Weinberg<br>Versant Funding LLC<br>2500 N. Military Trail Suite 465<br>Boca Raton, FL 33431-6353 |
| Miles Dahmann<br>4627 Marlo Dr<br>Las Vegas, NV 89117-7902 | Missing Ingredient, Inc.<br>2400 S Cimarron Rd 100<br>Las Vegas, NV 89117-7902 | Mk Pallet<br>12525 North rvtce t-30<br>Saltillo, TX 75478 |

| | | |
|---|---|---|
| OLD DOMINION FREIGHT LINES<br>3821 Juniper Trace Suite 108<br>Austin, TX 78738-5514 | Octoly Inc. d/b/a Skeepers<br>244 Fifth Avenue, Suite D61<br>New York, NY 10001-7604 | Outfront<br>185 US Highway<br>Fairfield, NJ 07004 |
| PGS360<br>8610 Mercury Ln,<br>Pico Rivera, CA 90660 | PGS360<br>8610 Mercury Ln, Pico<br>Pico Rivera, CA 90660 | Pendulum Holdings<br>345 N. Maple Drive<br>Beverly Hills, CA 90210-9705 |
| Perpetua Labs, LLC<br>1801 Porter Street, Suite 300<br>Baltimore, MD 21230-5562 | Reserve Capital Group, LLC.<br>Michael Schreck<br>Managing Member<br>100 Overlook Center, 2nd Floor<br>Princeton, NJ 08540-7814 | Richard I. Simon, ESQ<br>Mandelbaum Barrett PC<br>3 Becker Farm Road Suite 105<br>Roseland, NJ 07068-1726 |
| Rose Neal Consulting LLC<br>Commercial Collections<br>TSI Commercial Division<br>500 Virginia Drive 514<br>Fort Washington, PA 19034-2733 | Route App Protect<br>1441 W Innovation Way, STE 150<br>Lehi, UT 84043-7083 | SBA Disaster Loan<br>211 N. Florence St., Suite 201<br>El Paso, TX 79901-1666 |
| SBA EIDL<br>14925 Kingsport Rd.<br>Fort Worth, TX 76155-2243 | Saltbox, Inc<br>Lucy Voss<br>169 Madison Ave #2041<br>New York, NY 10016-5101 | Shanghai Impact<br>1203, Building F, Zhoukang Road,<br>Pudong District, Shanghai, China |
| Simpson Print<br>865 Sawmill Road<br>Bloomingdale, ON, Canada, N0B 1K0 | Stetts Model Management<br>1133 Broadway 1609<br>New York, NY 10010-7922 | TJX/Marshall<br>770 COCHITUATE ROAD<br>Framingham, MA 01701-4698 |
| TOTAL QUALITY LOGISTICS<br>P.O. Box 634558<br>Cincinnati, OH 45263-4558 | TYB<br>4764 East Sunrise Drive<br>Tucson, AZ 85718-4535 | Texas Workforce Commission<br>Laneka Davis<br>101 E 15th St Room 556<br>Austin, TX 78778-1442 |
| The Accountrepreneur, LLC<br>4204 Clausen Ave<br>Chanhassen, MN 55317 | The Bernard Group<br>19011 Lake Drive East<br>Chanhassen, MN 55317-9322 | Thomas L. Kolker<br>3209 Hemlock Ave.<br>Austin, TX 78722-1630 |
| Tractenberg & Co., L.L.C.<br>116 East 16th Street, 2nd Floor<br>New York, NY 10003-2167 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 | UnitedHealthcare Insurance Company<br>ATTN: Bankruptcy<br>9700 Healthcare Lane<br>Minnetonka, MN 55343-4527 |
| Versant FUNDING<br>Dan Broadley<br>Director of Operations<br>2500 North Military Trail Suite 465<br>Boca Raton, FL 33431-6353 | Wallflower Management LLC<br>3809 Parry Avenue #105<br>Dallas, TX 75226-2449 | Weinberg Gonser Frost, LLP<br>10866 Wilshire Blvd. Suite 1650<br>Los Angeles, CA 90024-4321 |

| | | |
|---|---|---|
| mSEED group LLC<br>Anthony M. Standifer<br>Founder & Chief Brand Architect<br>111 W. 154th Street<br>Pico Rivera, CA 90660 | Areya Holder Aurzada (SBRA V)<br>Holder Law<br>PO Box 2105<br>Addison, TX 75001-2105 | Robert Thomas DeMarco<br>Robert Demarco<br>12770 Coit Road<br>Suite 850<br>Dallas, TX 75251-1364 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Dallas County<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o John Kendrick Turner<br>3500 Maple Avenue<br>Suite 800<br>DALLAS, TX 75219-3959 | (u)Hegedus Vince<br>Magyarorszg<br>1028 BUDAPEST<br>KILINCS UTCA 24/B | (u)Provenance<br>1 Des Roches Square<br>Witney, Oxfordshire, OX28 4BE |
| (u)THIRSTY MI.<br>12 MARSHGATE LANE, E15 2NH | End of Label Matrix<br>Mailable recipients    62<br>Bypassed recipients     4<br>Total                  66 | |