Kyle S. Hirsch (Tex. Bar No. 24117262)
Jarret P. Hitchings (N.C. Bar No. 60085 – *pro hac vice admission forthcoming*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (602) 364-7170 / (704) 749-8965
Email: kyle.hirsch@bclplaw.com
jarret.hitchings@bclplaw.com

*Counsel to Sephora USA, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>Adwoa Beauty LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No. 25-44261-mxm |

**SEPHORA USA, INC.'S PRELIMINARY RESPONSE IN OPPOSITION TO DEBTOR'S EXPEDITED MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]**

Sephora USA, Inc. ("Sephora") files this preliminary response opposing *Debtor's Expedited Motion to Compel Turnover of Property of the Estate [11 U.S.C. § 542]* (the "Motion") [ECF No. 17] and respectfully states as follows:

## I. INTRODUCTION

By the Motion, Adwoa Beauty LLC ("Adwoa," or the "Debtor") seeks an order compelling Sephora to turnover certain pre-petition receivables in the approximate amount of $240,000.00 allegedly owed by Sephora to Adwoa (generally, the "Receivable"). Based on documentation and other information provided by the Debtor and Versant Funding, LLC ("Versant"), Sephora understands that the Receivable was

- 1 -

irrevocably assigned by the Debtor to Versant prior to the Debtor's bankruptcy filing. Moreover, the Debtor and Versant each directed Sephora to pay all amounts owed on account of such assigned receivables to Versant.

Sephora has not been provided with any documents or other information modifying the Debtor's assignment of its receivables to Versant. Sephora has likewise not received any revocation from Versant of its prior payment direction; in fact, Versant has continued to demand payment of assigned receivables pursuant to its pre-petition arrangement with the Debtor. Consequently, Sephora has continued to remit payment on the Debtor's pre-petition receivables Versant.

With respect to the instant Motion, the Debtor has not provided any information to alter Sephora's understanding that the Receivable was assigned to Versant pre-petition. To the extent it seeks to compel Sephora to turnover funds pursuant to section 542 of the Bankruptcy Code, the Motion is also procedurally deficient. Accordingly, the Motion should be denied as to any requested relief directed to Sephora.

## II. BACKGROUND

1. Since November 2019, Sephora and Adwoa have operated under the terms of a Vendor Agreement pursuant to which Adwoa's merchandise would be marketed and sold at Sephora physical and online stores.

2. In January 2025, upon information and belief, Adwoa entered a *Factoring Agreement* with Versant (the "Factoring Agreement"). A copy of the Factoring Agreement as provided to Sephora is attached as **Exhibit A**.

3. In the Factoring Agreement, the Debtor assigned its current and future receivables to Versant:

> Seller [Adwoa] hereby assigns all of its current and future Accounts Receivable to Versant irrespective of whether Versant elects to purchase any one or more of such Accounts Receivable.

Exhibit A (Factoring Agreement) at 1.

4. The Factoring Agreement further entitles Versant to collect all of the assigned receivables:

> Versant shall be entitled to collect all of the Accounts Receivable directly from the Account Debtors whether or not Versant elects to purchase any one or more of such Accounts Receivable. Such instructions shall not be rescinded or modified without Versant's prior written consent.

Exhibit A (Factoring Agreement) at 2-3.

5. By letter dated March 7, 2025, Adwoa notified Sephora of the Factoring Agreement and "authorized and instructed [Sephora] to pay the full amount of all invoices now due, and all invoices which in the future are submitted or become due and payable, directly and solely to: [Versant]." A true and correct copy of such letter is attached as **Exhibit B**.

6. By letter dated March 10, 2025, Versant confirmed in writing to Sephora that it was the "irrevocable assignee of [Adwoa] for all invoices which are now due and which in the future become due to [Adwoa]." That same letter expressly stated that "[t]his irrevocable instruction can be released only upon the express written

authorization of [Versant]." A true and correct copy of such letter is attached as **Exhibit C**.

7.  To date, Sephora has not received a written release from Versant. In fact, Versant has continued to demand payment of assigned receivables from Sephora.

8.  On October 31, 2025, Debtor commenced this bankruptcy case by filing a voluntary chapter 11 petition. *See* ECF No. 1.

9.  On November 10, 2025, Debtor filed the Motion, seeking an order—on an expedited basis—compelling turnover of the Receivable by Sephora pursuant to 11 U.S.C. § 542. Curiously, the Motion makes no mention of the Factoring Agreement or the Debtor's pre-petition assignment of the Receivable.

### III.  ARGUMENT

**A. Debtor has not established any legal or factual basis for turnover.**

In support of the Motion, Debtor simply "asserts" that "the Receivable constitutes property of the Debtor's bankruptcy estate and that Sephora has an affirmative obligation to deliver the Receivable to the Debtor." *See* Mot. ¶ 10. Debtor provides no explanation nor documentary evidence supporting such assertions.

This assertion is contrary to the only documentation provided to Sephora (and this Court) relevant to the Receivables—the Factoring Agreement [**Exhibit A**] and the notices sent to Sephora [**Exhibits B and C**]— which demonstrate that Adwoa *irrevocably* assigned all present and future accounts receivable to Versant. Moreover, both the Factoring Agreement and the notices sent to Sephora provide that the instructions to pay Versant may only be rescinded by Versant's written consent.

No such written consent has been provided to Sephora. Therefore, based on the information available to Sephora (and this Court), the Debtor has not established a valid interest in the Receivable which it seeks to compel from Sephora.

In contrast to the lack of any retained interest in the Receivable by the Debtor, the available information indicates the Receivable has been assigned to Versant. More acutely to Sephora, its failure to honor that assignment may expose Sephora to liability under its Uniform Commercial Code obligations. Specifically, Sephora received clear, written notice of assignment from both Adwoa and Versant in March 2025. Having received the notices from Adwoa and Versant, Sephora may only "discharge its obligation" for the pre-petition receivables by paying Versant in accordance with the payment instructions received. *See, e.g.*, UCC § 9-406(a) ("After receipt of the notification, the account debtor may discharge its obligation by paying the assignee."). And under UCC § 9-406(a), an account debtor who pays the assignor after receiving proper notice of assignment may remain liable to the assignee. Accordingly, if Sephora were to accept Debtor's mere assertion that the pre-petition receivables are property of the estate and pay such receivables over to the estate, it would risk paying twice—once to the Debtor and again to Versant.

**B. The Motion is procedurally improper.**

Turnover actions sought pursuant to 11 U.S.C. § 542 must be brought as an adversary proceeding. *See, e.g.*, FED. R. BANKR. P. 7001(a); *Hinsley v. Boudloche (In re Hinsley),* No. 97-20967, 1998 U.S. App. LEXIS 39954, at *35 (5th Cir. July 15,

1998) ("[A] request for turnover relief against someone other than the debtor must be commenced by complaint rather than by motion.").

Debtor cannot short-circuit the Bankruptcy Rules and obtain its requested relief through a mere contested matter (and particularly one sought on an expedited basis). Instead, the relief sought in the Motion requires a full adversary process, including proper pleadings, service, and opportunity for discovery. Attempting to obtain this relief by motion brought as a contested matter under Bankruptcy Rule 9014 circumvents the procedural safeguards mandated by the Bankruptcy Rules and deprives interested parties of due process. Indeed, the Motion's lack of precision (*e.g.*, failure to specify even the exact amount sought for turnover) underscores the need for an adversary proceeding where the amount and entitlement can be properly adjudicated.

## IV. CONCLUSION

For the above reasons, Sephora respectfully requests that the Court deny the Motion in its entirety and require that Debtor pursue any alleged claim to the pre-petition receivables through an adversary proceeding as required by the Federal Rules of Bankruptcy Procedure.

Respectfully submitted this 13th day of November 2025.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Texas Bar No. 24117262)
Jarret P. Hitchings (*pro hac vice pending*)
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (602) 364-7000
Facsimile: (602) 364-7070 / (704) 749-8965
Email: kyle.hirsch@bclplaw.com
        jarret.hitchings@bclplaw.com

*Counsel to Sephora USA, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on the 13th day of November 2025, I electronically filed the foregoing using the Court's CM/ECF filing system. The CM/ECF system generated an email notice of the filing, linked to this document, to those parties who receive electronic notices in this case as noted below.

Moreover, I further certify that true and correct copies of the same were served to those parties who do not receive electronic notices in this case via electronic mail and United States Mail as noted below.

ECF Service

Office of the United States Trustee
Erin.Schmidt2@usdoj.gov

Areya Holder Aurzada, Chapter 11 SBRA V Trustee
areya@holderlawpc.com

U.S. Small Business Administration
David.Adams4@usdoj.gov

Email Service

Aurous Financial
kennydesai@aurousfinancial.com
j.sirchio@aurousfinancial.com

John Kendrick Turner on behalf of creditor Dallas County
dallas.bankruptcy@lgbs.com

Service via United States Mail

| | |
|---|---|
| Pendulum Holdings<br>345 N. Maple Drive<br>Beverly Hills, CA 90210 | Old Dominion Freight Lines<br>3821 Juniper Trace, Suite 108<br>Austin, TX 78738 |
| mSEED Group LLC<br>Attn: Anthony M. Sandifer<br>111 W. 154th Street<br>Pico Rivera, CA 90660 | Outfront<br>185 US Highway<br>Fairfield, NY 07004 |

Reserve Capital Group, LLC
Attn: Michael Schreck
100 Overlook Center, 2nd Floor
Princeton, NY 08540

Akita Brands INC
45 Park Avenue, Suite 1902
Cincinnati, OH 45263

Flexport International LLC
760 Market Street, 8th Floor
San Francisco, CA 94102

Rose Neal Consulting LLC
Commercial Collections TSI
Commercial Division
500 Virginia Drive 514
Fort Washington, PA 19034

Saltbox, Inc.
Attn: Lucy Voss
169 Madison Avenue, Suite 2041
New York, NY

PGS360
8610 Mercury Lane
Pico Rivera, CA 90660

GRIN Technologies, Inc.
P.O. Box 18576
Palantine, IL 60055

Ecomundo
Services Reglementaires
Ecomundo Canada Inc
4284 Rue de la Roche
Montreal QC, H2J 3H9

FORA Financial
1385 Broadway, 15th Floor
New York, NY 10018

Shanghai Impact
1203, Building F, Zhoukang Road
Pudong District, Shanghai China

Simpson Print
865 Sawmill Road
Bloomingdale, ON Canada N0B 1K0

Octoly Inc. dba Skeepers
244 Fifth Avenue, Suite D61
New York, NY 10001

Elevation Staffing Team
Attn: Veronica Lopez
1625 W. Mockingbird Lane 307
Dallas, TX 75235

Bazaarvoice
10901 Stonelake Boulevard
Austin, TX 78759

Conde Nast
c/o Robert B. Hollis Szabo Associates, Inc.
3355 Lenox Road, Suite 945
Atlanta, GA 30326

Barclays Bank
P.O. Box 60517
City of Industry, CA 91716

*/s/ Kyle S. Hirsch*