Marc W. Taubenfeld
Texas Bar No. 19679800
J. Kyle Jaksa
Texas Bar No. 24120923
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas  75201-6605
Telephone:  (214) 855-7500
E-Mail: mtaubenfeld@munsch.com

*Proposed Counsel for Roddrick B. Newhouse,*
*Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **ADWOA BEAUTY, LLC,** | § | **CASE NO. 25-44261-mxm-7** |
| | § | |
| **Debtor.** | § | |

### TRUSTEE'S EXPEDITED MOTION FOR AUTHORITY TO OPERATE
### THE BUSINESS AND MAINTENANCE OF THE DEBTOR'S TRADEMARK

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

COMES NOW Roddrick B. Newhouse and files this *Expedited Motion for Authority to Operate the Business and Maintenance of the Debtor's Trademark* (the "Motion") and, in support, states:

### I.    INTRODUCTION

1.    On October 31, 2025, the bankruptcy case was initiated by Adwoa Beauty, LLC (the "Debtor") filing a Voluntary Petition under Chapter 11 of the U.S. Code (the "Bankruptcy Case") and creating the bankruptcy estate (the "Estate").  On May 12, 2026, the Bankruptcy Case was converted to a Chapter 7, Title 11 of the U.S. Code by order of the Court, and the Court appointed Roddrick B. Newhouse as Chapter 7 Trustee for the Debtor's estate (the "Trustee").

---

2.      As a transaction potentially outside of the ordinary course of business, the Trustee requests authority from the Court to operate the Debtor's business for maintenance of the United States registration for the United States Trademark Reg. No. 5927624 for the mark ADWOA BEAUTY (STYLIZED) (included below) (the "Trademark"):



3.      The Trademark is the Estate's most important asset and is the trademark under which the Debtor's products have been sold since October 2017.  The Trademark is due for maintenance with a final deadline of Wednesday, June 3, 2026.  If the maintenance document is not filed with the United States Patent and Trademark Office by this deadline, the Trademark will be cancelled and the Estate's most valuable asset to potential bidders will be lost.  Approval of the transaction would benefit the Debtor, the Estate, creditors, and parties-in-interest in this Bankruptcy Case by preserving the Estate's most valuable asset.  This is proposed by the Trustee in good faith, and in order to maximize the value of the Estate.  Moreover, the Trustee has conferred with the Debtor's only secured lender, Aurous Financial LLC ("Aurous"), who supports the maintenance of the Trademark.

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2), a matter that arises exclusively under the provisions of Title 11 of the United States Code, §§ 101 et seq. (as amended, the "Bankruptcy Code"), and as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The Trustee expressly consents to such a final disposition by this Court.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 105(a), 363(b)—(c), and 721 of the Bankruptcy Code, and rule 6004 of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules").

### III.      RELIEF REQUESTED

6.      By this Motion, the Trustee requests entry of an order by the Court, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Trustee to operate the Debtor's business for maintenance of the Trademark.

7.      The Trustee requests an expedited hearing on this Motion because the deadline for maintenance is June 3, 2026.

### IV.      BASIS FOR RELIEF REQUESTED: ARGUMENTS AND AUTHORITIES

**A.      The Court should approve the maintenance of the Trademark under 11 U.S.C. § 363.**

8.      By this Motion, and to the extent necessary, the Trustee requests the authority to operate the business of the Debtor, on a limited basis, for maintenance of the Trademark.  The Trustee requests such authority to pay for all ordinary and required costs needed for maintenance of the Trademark, including preparing and filing the Combined Declaration of Use and Incontestability under section 8 and 15. [1]

9.      The Trustee does not propose to operate the Debtor's prior business in the traditional sense of the term—just to have the authority to protect the Estate's assets and maintain the Trademark.

10.      As an initial matter, the Trustee does not believe that he requires express additional authority from the Court to engage in the foregoing activities.  However, out of an abundance of caution and respect for the Court, he seeks express authority confirming or granting the same,

---

[1]      *See* 15 U.S.C. §§ 1058, 1065.

particularly for the ability to maintain the Trademark.  In this respect, pursuant to the Bankruptcy Code, "[t]he court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721.

11.     Here, the Trademark makes up a substantial portion of the Estate's value.  The Trustee believes that the maintenance of the Trademark is necessary in preserving the value of the Estate.  To preserve the Trademark, the Trustee needs the authority to prepare the Combined Declaration of Use and Incontestability, pay the required fees, and otherwise exercise the Estate's rights and interests.

12.     The current anticipated use of funds is limited to the cost of maintenance of the Trademark, which is $1,675.00 inclusive of trademark attorney fees, and $675.00 in government filing fees.  The bankruptcy estate does not have any funds on hand with which to fund the payments required for these fees, nor does the Trustee have familiarity with nor the intellectual property experience on hand to prepare the Combined Declaration of Use and Incontestability, pay the required fees, and otherwise exercise the Estate's rights and interests.  However, Aurous is willing to have its counsel prepare the required filings and make payment of the required filing fees on behalf of the bankruptcy estate, and prepare the filings for the Trustee's benefit, with same to be reviewed before filing by the Trustee's proposed counsel.

13.     Pursuant to the Bankruptcy Code, "[t]he trustee, after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  The standard under section 363(b)(1) of the Bankruptcy Code is the Trustee's "sound business judgment." *See, e.g., In re Pilgrim's Pride Corp.*, 401 B.R. 229, 236 (Bankr. N.D. Tex. 2009).  Generally, under this standard, the Trustee's decision is entitled to deference when made

"on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company." *In re Nine West Holdings, Inc.*, 588 B.R. 678, 692 (Bankr. S.D.N.Y. 2018).

14. The proposed transaction is prudent and is presented to this Court for approval in accordance with the Trustee's exercise of sound business judgment. Further, the transaction is consistent with the interests of creditors and the Estate.

15. Therefore, the Trustee submits that all relief requested in this Motion, to the extent not already authorized by the Bankruptcy Code, is well within his sound business judgment and is in the best interests of the Estate.

16. Finally, the Trustee requests that the Court confirm that all immunities applicable to the Trustee apply equally to any action taken pursuant to any order entered by the Court on this Motion.

## V.   CONCLUSION AND PRAYER

17. WHEREFORE, premises considered, the Trustee respectfully requests that the Court enter the Proposed Order (i) granting this Motion, (ii) authorizing the Trustee to operate the business of the Debtor, to the extent necessary, to undertake any of the actions addressed in this Motion, (iii) allow the Aurous and its counsel to prepare the appropriate filings to preserve the value of the Debtor's Trademark and to make the filing fees needed for same for the benefit of the bankruptcy estate, and (iv) granting all other and further relief, at law or in equity, to which the Trustee may be entitled.

Dated: May 22, 2026

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/  Marc Taubenfeld*
    Marc W. Taubenfeld
    Texas Bar No. 19679800
    J. Kyle Jaksa
    Texas Bar No. 24120923
    500 N. Akard Street, Suite 4000
    Dallas, Texas  75201-6605
    Telephone:  (214) 855-7500
    E-Mail:  mtaubenfeld@munsch.com

***Proposed Attorneys for Roddrick B. Newhouse, Chapter 7 Trustee***

## CERTIFICATE OF CONFERENCE

I hereby certify that, on May 19 and May 20, 2026, I conferred on the relief requested by the Motion with Erin Schmidt in the United States Trustee's Office, who indicated that the Motion is unopposed.  I also spoke with counsel for Aurous on May 19, 2026, who support the relief requested in this Motion.

    */s/ Marc W. Taubenfeld*
    Marc. W. Taubenfeld

## CERTIFICATE OF SERVICE

I hereby certify that, on May 22, 2026, I caused true and correct copies of the foregoing document with all exhibits thereto to be served by electronically filing it with the Court using the Court's CM/ECF system, which sent notification to the parties registered or otherwise entitled to receive notice thereof.

    */s/ Marc W. Taubenfeld*
    Marc. W. Taubenfeld